UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY LEE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:08-CV-030 PPS |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Anthony Lee Rogers was convicted by a jury in federal district court for violations of 18 U.S.C. § 924 (making a false statement with respect to a firearms transaction) and 18 U.S.C. § 922(g)(1) (possessing a firearm as a convicted felon). *United States v Rogers*, No. 1:03-CR-078 (N.D. Ind., Dec. 12, 2006). Rogers's appeal of his conviction is pending before the Seventh Circuit. *United States v. Rogers*, No. 06-3730 (7th Cir., filed Oct. 11, 2006). In the meantime, Rogers also filed this lawsuit *pro se* in Allen County Superior Court challenging his conviction and sentence. Rogers contends his conviction is invalid because he believes the federal government lacks jurisdiction over criminal offenses that occur within the geographical boundaries of Indiana. (Pro Se Compl., DE 1 at 3.) He has therefore named the United States government and the federal judge and prosecutor involved in his criminal proceedings as Defendants. Besides money damages of forty billion dollars, Rogers seeks to have his conviction voided and expunged from his record. (*Id.* at 6.) Defendants removed this case pursuant to 42 U.S.C. §1442.

The United States and AUSA Nommay moved to dismiss the complaint for lack of subject

matter jurisdiction and for failure to state a claim.[1]  (DE 13.)  Judge Springmann filed a separate motion to dismiss the complaint on the grounds that she enjoys absolute immunity from suit. (DE 16.)  For the following reasons, Defendants' Motions are granted.

Federal Rule of Civil Procedure 12(b)(1) directs the Court to dismiss a complaint over which it has no subject matter jurisdiction.  Defendants have asserted federal court jurisdiction over this matter by removing this case pursuant to 28 U.S.C. § 1442.  But they also argue that this Court lacks subject matter jurisdiction over Rogers's claims because the state court where the suit was originally filed never had jurisdiction to begin with.  28 U.S.C. § 1442 expressly provides for removal of cases brought against federal officers when the subject matter of the case involves action taken by federal officials under color of office.  *See Falls Riverway Realty, Inc. v. City of Niagra Falls*, 754 F.2d 49, 55 (2d Cir. 1985) ("[I]n addition to conferring a right of removal upon the defendant, this statute grants subject matter jurisdiction to the district court.").  To qualify for removal under this statute, the federal officer must: (a) raise a colorable federal defense; (b) establish that the suit is for an act under color of office; and (c) show a causal connection between the charged conduct and the asserted official authority.  *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999).  Rogers is suing the federal prosecutor and judge because of their participation in his conviction and sentence for federal crimes, which he believes is prohibited by the Constitution.  Defendants are asserting immunity from suit for those actions taken in their official capacity.  Therefore, the requirements for subject matter jurisdiction under 28 U.S.C. § 1442 are easily met.

---

[1] The United States and Nommay also argue dismissal is merited because Rogers did not comply with Fed. R. Civ. P. 4(i)(1) which governs service of process upon the United States. Rogers initiated this action in state court.  The state court apparently issued a summons on January 9, 2008, though it is not clear which defendants were served. (DE 1 at 8.)  Since dismissal is required on other grounds, however, it is not necessary to decide whether the service was effective.

However, the Court's jurisdiction "upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court." *Edwards v. U.S. Dept. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (internal citations omitted). "Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Id.* Before considering whether the state court originally had jurisdiction over Rogers's claims, I must first construe what those claims are. Rogers is proceeding *pro se*; therefore, I am required to construe his complaint liberally. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). Rogers claims that his conviction and sentence is unconstitutional because the federal government lacks jurisdiction to prosecute acts occurring within the territorial boundaries of the State of Indiana. He seeks to have his sentence vacated; therefore his claim is most akin to a petition for habeas relief under 28 U.S.C. § 2255(a). But state courts lack jurisdiction to grant habeas relief to prisoners in federal custody for violations of federal law.[2] *See* 28 U.S.C. § 2241; *Ex parte Royall*, 117 U.S. 241, 249 (1886) ("[State courts] cannot, under any authority conferred by the states, discharge from custody persons held by authority of the courts of the United States."). Since the Allen County Superior Court did not have jurisdiction over Rogers's federal habeas claims, this Court did not acquire derivative jurisdiction from the state court. Rogers's claim for habeas relief is therefore dismissed without prejudice for lack of subject matter jurisdiction.

Rogers also seeks money damages in the amount of forty billion dollars. This claim is best construed as a tort claim against the United States, Judge Springmann and AUSA Nommay. Federal

---

[2] Even if the state court did have jurisdiction over Rogers's habeas claims, a habeas petition should not be considered while a direct appeal is pending, absent extraordinary circumstances. *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999). Such circumstances do not exist here.

district courts "have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346.  Suits against federal officers acting in their official capacity are also deemed suits against the United States "even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void."  *Jarecki v. United States*, 590 F.2d 670, 676 n.4 (7th Cir. 1979).

Rogers's claims against Judge Springmann and AUSA Nommay arise solely from their official actions in presiding over and prosecuting his federal criminal trial.  Neither Judge Springmann nor AUSA Nommay could have participated in the alleged violations in a non-official capacity; therefore Rogers's claims against them are treated as claims against the United States.  Similar to Rogers's habeas claims, the Court never acquired jurisdiction over his damages claims because the state court where the action was originally filed lacked jurisdiction over them.  *Edwards*, 43 F.3d at 316.

The doctrine of sovereign immunity also precludes the Court's jurisdiction over this matter.  *FDIC v. Meyers*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Edwards*, 43 F.3d at 317 ("Waiver of sovereign immunity is a jurisdictional prerequisite in the nature of . . . subject matter jurisdiction, in that unless sovereign immunity be waived, there may be no consideration of the subject matter.") (internal citations omitted).[3]  Therefore, Rogers's damages claims are also dismissed for lack of jurisdiction.

---

[3] Judge Springmann and AUSA Nommay are also shielded by judicial immunity and prosecutorial immunity, respectively.  *See Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001);

4

Moreover, any attempt to avoid immunity by a claim against either Judge Springmann or AUSA Nommay as individuals in a *Bivens*-type action cannot succeed. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (recognizing right to damages against federal agent in their individual capacity). *Heck v. Humprhey*, 512 U.S. 477 (1994) says so. "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a Writ of Habeas Corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Rogers cannot meet this burden because his conviction is still pending on appeal to the Seventh Circuit.

The United States and AUSA Nommay's Motion to Dismiss (DE 13) and Judge Springmann's Motion to Dismiss (DE 16) are **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Plaintiff's Request for Hearing (DE 22) and Motion for Summary Judgment (DE 27) are **DENIED** as moot.

**SO ORDERED**.

ENTERED: May 13, 2008.

                                         s/ Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT

---

*Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003).